The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 8 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32633 |
| | ) | |
| Dana L. Blumensaadt | ) | Chapter 11 |
| | ) | |
| Debtor(s). | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER DENYING DEBTOR'S ORAL MOTION TO RECUSE

This case came before the court for hearing on Debtor Dana L. Blumensaadt's oral Motion for Recusal of John P. Gustafson as the bankruptcy judge assigned to this case.

The grounds stated for the Motion by Debtor's counsel were that John P. Gustafson was the Chapter 13 Trustee in Dana L. Blumenstaadt's previous Chapter 13 case, case number 13-30844. The Chapter 13 case was filed on March 7, 2013 and dismissed on December 18, 2013. Debtor's counsel stated that she did not waive any conflict. No other grounds for recusal were stated in support of the oral Motion.

The previous Chapter 13 case was assigned to the "successor judge docket" maintained after the death of the Honorable Richard L. Speer. In the Chapter 13 Office, cases were split between the Chapter 13 Trustee (at that time, John P. Gustafson) and the then staff attorney (now Chapter 13 Trustee), Elizabeth A. Vaughan. All cases assigned to Judge Speer, or that were assigned to the successor judge docket, were handled by the staff attorney, Elizabeth A. Vaughan.

The examination of the debtor at the first meeting of creditors, and the hearings on the various matters that arose during the case, were conducted by Elizabeth A. Vaughan. The docket reflects that Dana L. Blumenstaadt was represented by her own attorney during the Chapter 13 proceeding. To the best of my recollection, I had no contact with the debtor Dana L. Blumenstaadt, or her counsel, during the pendency of the Chapter 13 case.

The above captioned Chapter 11 case, filed on July 18, 2014, is related to two previously filed Chapter 11 cases that were assigned to John P. Gustafson. The first Chapter 11 was filed by Dana L. Blumenstaadt's husband, William Ernst Blumenstaadt, Jr., case number 14-31968 filed on May 29, 2014. The second Chapter 11 was filed by Island Stillwater Company, Ltd., case number 14-31970, also filed on May 29, 2014. Both of those related cases have been dismissed pursuant to agreements reached in response to Motions to Dismiss filed by the Office of the United States Trustee.

Motions to Recuse are determined under 28 U.S.C. Section 455. The Motion did not reference the statute, or any particular basis for recusal under the listed statutory grounds.

28 U.S.C. §455(a), provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge is also disqualified if he or she demonstrates "a personal bias or prejudice" concerning a party. 28 U.S.C. §455(b)(1).

Under §455(a), a judge must ask him or herself whether a reasonable person knowing all the relevant facts would question her impartiality. *Reed v. Rhodes*, 179 F.3d 453, 467 (6th Cir.1999). The Sixth Circuit has explained that: "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990) (*quoting Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir.1988), *cert. denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989)). Or, as is often stated, while 28 U.S.C. §455 imposes a duty on the court to recuse where any of the statutory grounds exist, there is a corresponding duty not to do so if cause for recusal has not been shown. *In re Haas*, 292 B.R. 167, 175 (Bankr. S.D. Ohio 2003)(citing cases).

Here, the fact that I served as the Chapter 13 trustee in a previous case filed by the Debtor, standing alone, does not provide a sufficient basis for a recusal under this objective standard.

In *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the Supreme Court stated that §455(a) is subject to an "extrajudicial source factor," which at its base asserts that alleged bias or prejudice "must stem from an extrajudicial source [or a source outside the judicial proceeding at

14-32633-jpg    Doc 25    FILED 09/08/14    ENTERED 09/08/14 14:29:15    Page 2 of 4

hand] and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

In this case, the concerns raised in William Ernst Blumenstaadt, Jr.'s individual Chapter 11 case are not an "extrajudicial source", such as my previous status as Chapter 13 trustee in her dismissed case. Rather, the comments made in earlier hearings arise from the fact that Chapter 11 cases were filed by Dana Blumenstaadt's husband, to invoke the automatic stay, at a time when the Bankruptcy Code, Section 109(g)(2), prohibited Dana Blumenstaadt from filing any bankruptcy case. The fact that William Ernst Blumenstaadt, Jr. was invoking the automatic stay on the sale of real estate under these circumstances was raised in his Chapter 11 case. That is not an "extra judicial" source.

Moreover, the concerns expressed by the court are based upon well established precedents and widely held judicial concerns. As Judge Baxter stated in the *Price* decision:

> Section 109(g) of the Bankruptcy Code was "added to the Bankruptcy Code in 1984 to address the precise abuse of the bankruptcy system at issue here – the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of avoiding foreclosure under a mortgage or other security agreement."

*In re Price*, 304 B.R. 769, 772 (Bankr. N.D. Ohio 2004); *citing*, *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997).

When family members are involved in serial filings, to avoid the consequences of Section 109(g), courts have held that the actions of each family member in filing multiple bankruptcies could be imputed to the other. *See*, *In re Feldman*, 309 B.R. 422, 427 (Bankr. E.D.N.Y. 2004); *In re Kinney*, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985); *In re Madera*, 2008 WL 351446 at *4 - *5, Bankr. LEXIS (Bankr. E.D. Pa. Feb. 7, 2008); *see also*, *In re Cusano*, 431 B.R. 726, 737-738 (6th Cir. BAP 2010)(citing *Feldman*).

There is nothing uncommon about a Chapter 13 case being dismissed, and the same debtor later filing a second petition in bankruptcy. On the other hand, it is uncommon for a debtor to maneuver around the 180-day filing prohibition by having a spouse and a related corporation file Chapter 11s to obtain the benefits of the automatic stay during a period when the Debtor was not eligible to file bankruptcy, and continue the stay until such time as the Debtor became eligible to file this Petition.

While the filings of William Ernst Blumenstaadt, Jr. and Island Stillwater Company, Ltd. during the period when Dana Blumenstaadt was precluded from filing bankruptcy are certainly negative factors in the above captioned case that the Debtor will have to overcome, the relevant filings occurred after the Chapter 13 case was closed, while I was a judge, and the knowledge of those events does not come from an "extra

judicial source".

Accordingly, for good cause shown, no objective basis for recusal having been shown under 28 U.S.C. Section 455,

**IT IS ORDERED** that the oral Motion for Recusal be, and is hereby, Denied.

###

4